IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-394-GMS |
| | ) Pennsylvania Common Pleas Court No. 02170 |
| RICHARD BEAUMONT, | ) |
| JP MORGAN CHASE BANK NA, | ) |
| and MCCABE WEISBERG AND | ) |
| CONWAY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

On May 12, 2010, the plaintiff James Coppedge ("Coppedge") filed a "removal notice of

case #02170 from lower court to federal court for stay of emergency execution, writ of

prohibition, and complaint in mortgage foreclosure," an "affidavit of petition for relief of

emergency motion to stay of execution, writ of prohibition and complaint" with supporting

memorandum of law, and an "affidavit of notice of dishonor and default judgement." (D.I. 1, 3,

4, 5.) Coppedge appears *pro se.* For the reasons discussed below, the court will summarily

remand the case to the Pennsylvania State Courts.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Coppedge's removal notice states that this is a demand for the defendants to provide a

proof of claim of legal standing in the notice of foreclosure and tortious interference in the matter

of threats to any occupancy of the property to prepare to vacate without lawful documentation

taped to the front door and locks changed on May 5, 2010, on the real property located at 3737 N.

18th Street, Philadelphia, Pennsylvania. (D.I. 1.) Exhibit A is an "affidavit of nice offer and

demands," exhibit B is an "unofficial, unsigned, and not a notarized document," exhibit C is an "affidavit of notice of dishonor and default judgement," and exhibit D is proof of U.S. Postal Service of "negative averment & nice offer." Coppedge provided the court with copies of an "important notice regarding your occupancy of the property" from Richard Beaumont, and an "agreement to vacate" from Chase Manhattan Mortgage Corporation, but did not provide the court with copies of pleadings filed a state court proceedings other than those he prepared.

The affidavit of petition for relief of emergency stay of execution, writ of prohibition and complaint states that it is filed pursuant to Rule 17(a)[1], and 18 U.S.C. §§ 655[2], 656[3], and 894[4] to stay proceedings of mortgage foreclosure for real property located at 3737 N. 18th Street, Philadelphia, Pennsylvania. (D.I. 3.) The motion makes specific demands upon the defendants with regard to the foreclosure.

Coppedge's memorandum of law is filed pursuant to UCC 3-501, Rules 12(b)(c), 37, 37(c), and 37(c)(3)[5], 42 U.S.C. § 1983[6], 18 U.S.C. §§ 655, 656, and 894, and RICO §

---

[1]Presumably Fed. R. Civ. P. 17(a) which provides for designation of a real party in interest.

[2]Theft by bank examiner. 18 U.S.C. § 655.

[3]Theft, embezzlement, or misapplication by bank officer or employee. 18 U.S.C. § 656.

[4]Collection of extensions of credit by extortionate means. 18 U.S.C. § 894.

[5]Presumably Fed. R. Civ. P. 12(b)(6) which provides for the asserted defense of failure to state a claim upon which relief may can be granted and Fed. R. Civ. P. 37 which provides for failure to make disclosures or to cooperate in discovery.

[6]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

2

1962(c)(d)[7]. (D.I. 4.) It states that the defendants failed to provide full disclosure as required by Rule 37(c)(1)(2) and that the defendants are liable for all penalties as outlined in Coppedge's affidavit of negative averment, opportunity to cure, and counterclaim. Coppedge asserts that the defendants' attorney failed to disclose, provided a false misleading disclosure or refused to admit to the collusion of mortgage fraud. Coppedge contends that the original promissory note for the property in question was signed under threat, duress and coercion, was never presented for inspection, that collusion is the foundation of fraud committed in this case with conspiracy of all parties concerned, and the fraud is a violation of the National Currency Act of 1863[8], §§ 27, 28, and 53.[9] Coppedge states that no proof of claim has been submitted as requested and there was no contract based upon lack of ratification of commencement, real parties of interest under Rule 17(a). Coppedge states that he did not accept an offer to contract in fraud in the foreclosure against his property and no one has permission to tamper with his affidavit of negative averment or to sell his property. Coppedge asks the court to "void the sheriff sale due to fraud and release

---

[7]Section 1962 provides for prohibited activities under RICO. 18 U.S.C. § 1962.

[8]The National Currency Act of 1863 that was replaced by the National Bank Act of 1864, "provided . . . for federal chartering of national banks." *Clarke v. Sec. Indus. Ass'n,* 479 U.S. 388, 410-11 (1987). The National Currency Act prohibited actions such as "transfer of bank assets in contemplation of insolvency or with a view to preferring one creditor of the bank over another." *Third N'tl Bank v. Impac Ltd., Inc.*, 432 U.S. 312, 316 (1977). The paramount intention of both statutes was to ". . . give every possible support to the public credit . . . ." by a uniform currency ". . . . furnished by national associations, organized under a general act of Congress . . ." Abraham Lincoln, Special Message on Financing the War, Senate Journal, pp. 121-122 (37th Cong., 3rd Sess., Jan. 17, 1863). The National Bank Act is codified at 12 U.S.C. § 83 *et seq. Northway Lanes v. Hackley Union Nat'l Bank & Trust Co.,* 334 F. Supp. 723, 726, (D.C. Mich. 1971).

[9]Presumably 12 U.S.C. §§ 27, 28 and 53. Section 27 provides for the certificate of authority to commence banking; Section 28 was repealed on September 23, 1994; and Section 53 provides for the payment of capital stock.

the property as a result of the default judgment agreed to by silence to the order of the secured

party creditor James Coppedge with prejudice as stipulated in the affidavit of nice offer and

demand." Coppedge's last filing is an affidavit of notice of dishonor and default judgment. (D.I.

5.) It states that each of the defendants is being sued for interference into Coppedge's "private"

commercial affairs regarding deficient legal standing in the illegal mortgage foreclosure

procedures for the real property at issue. Coppedge claims that the mortgage company defaulted

and he seeks a default judgment. He further claims that the respondents[10] have defaulted and are

now in involuntary bankruptcy with notice of forfeiture of all property needed for satisfying the

amount demanded by Coppedge for interfering in his "private" commercial affairs. He asks the

court to enforce a lien, void the sheriff's sale due to fraud pursuant to 42 U.S.C. § 1983 and Rule

60(b)(c) and to release the property to him immediately. (D.I. 5.)

## III. LEGAL STANDARD

In order for a case to be removable to the district court, the court must have original

jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332,

1441. "Only state-court actions that originally could have been filed in federal court may be

removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252

(3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could

not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper

and remand is appropriate. *Id.* (citations omitted).

Coppedge does not indicate under which removal statute he proceeds, but references 42

U.S.C. § 1983, several federal criminal statutes, and several federal rules of civil procedure. The

---

[10]The respondents are not identified.

4

removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

## IV. DISCUSSION

### A. Requisites for Removal

Initially the court notes that Coppedge failed to comply with the requisites for removal. He did not provide for the court's review any copies of process, pleadings, or orders from the state civil proceeding regarding foreclosure of the property in question. *See* 28 U.S.C. § 1446(a). Instead, he provided copies of documents regarding occupancy and an agreement to vacate the foreclosed property and a release as well as documents he prepared in opposition to foreclosure.

### B. Younger Abstention

Coppedge's initial pleading states that it is a demand for the defendants to provide a proof of claim of legal standing in the notice of foreclosure and tortuous interference. It appears that foreclosure occurred with regard to the property in question and that the property was sold at a sheriff's sale. Under the *Younger* abstention doctrine, a federal district court must abstain from

5

hearing a federal case which interferes with certain state proceedings.[11] Also under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[12] *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). The doctrine applies to proceedings until all appellate remedies have been exhausted. *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975); *see Reinhardt v. Commonwealth of Mass. Dep't of Soc. Services*, 715 F.Supp. 1253, 1255 (S.D.N.Y. 1989). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). It appears that there are on-going state proceedings for the foreclosure of real property. Second, Pennsylvania has an important interest in resolving real estate issues, and a ruling in the Pennsylvania courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding foreclosure and ejectment proceedings important state interests under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a

---

[11]The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d785, n.1 (3d Cir. 1994).

[12]The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

sheriff's sale.). Finally, Coppedge has an adequate opportunity to raise any potential constitutional claims in state court. Accordingly, pursuant to *Younger* and its progeny the court must abstain. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15(1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

## C. Rooker-Feldman Doctrine

Additionally, federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[13] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, Civ. No. 02-169-GMS, 2002 WL 976001 (D. Del. May 3, 2002). Assuming, arguendo, that this case has been resolved by the Pennsylvania state courts, the *Rooker Feldman* doctrine applies as this is a case "brought by [a] state-court loser[] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Allowing Coppedge's claim to proceed against the defendants would allow him to use the federal courts to appeal a state court judgment and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

_____

[13]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

7

Coppedge specifically ask this court for a stay of emergency execution. He couches his claims as a violation of his constitutional rights pursuant to § 1983 and as violations of federal criminal law, but it is evident that he actually seeks review and rejection of a Pennsylvania state court decision regarding foreclosure of the real property at issue. The claim falls under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction.

### D. Grounds for Removal

Coppedge raises no plausible grounds for removal. His overall conclusory allegations in support of removal are insufficient. With regard to his § 1983 claim, the defendants are not state actors. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Coppedge also alleges violations of federal criminal statutes, but individual citizens do not have a constitutional right to the prosecution of alleged criminals. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2009) (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). Finally, his claim of violations of the National Currency Act of 1863 is not tenable.

## V. CONCLUSION

For the above reasons, the court will deny the emergency motion to stay and will summarily remand the matter to the Pennsylvania state courts for lack of subject matter jurisdiction under the *Younger* abstention doctrine or, in the alternative, pursuant to the *Rooker-Feldman* doctrine.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 9 , 2010

8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-394-GMS |
| | ) Pennsylvania Common Pleas Court No. 02170 |
| RICHARD BEAUMONT, | ) |
| JP MORGAN CHASE BANK NA, | ) |
| and MCCABE WEISBERG AND | ) |
| CONWAY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 9th day of $June$ , 2010, for the reasons set forth in

the Memorandum issued this date:

1. The emergency motion to stay is **denied**.  (D.I. 3.)

2. The case is **summarily remanded** to the Pennsylvania State Courts.

CHIEF, UNITED STATES DISTRICT JUDGE